## Case No. 1,087.

BAS et al. v. STEEL.

[Pet. C. C. 406.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

PLEADING — DECLARATION — AVERMENTS — DEMURRER — NONSUIT — SHIPPING — PORT REGULATIONS — CLEARANCE — MANIFEST.

1. If the declaration does not set forth a proper case, and in correct form, the defendant may avail himself of these defects by demurrer. But if a sufficient case be stated, then it is incumbent on the plaintiff to prove it, and if he fail to do so, he is not entitled to a verdict.

[1] [Reported by Richard Peters, Jr., Esq.]

2. Want of proper averments in the declaration cannot be made the ground of a nonsuit.

3. Unless a manifest of the cargo on board of a vessel about to depart from a port in the United States for a foreign port, be sworn to, and delivered or tendered to the collector by the master, or person having command of the vessel, the collector is not bound to grant a clearance for such vessel.

At law. This was an action on the case, brought by the owners of the Dos Amigos, [Joseph Bas, Escardo, and others,] being subjects of his Catholic majesty, against [John Steele] the collector of the port of Philadelphia, for refusing to grant a clearance to the said ship and cargo from this port to Havanna, in July, 1813. In consequence of the refusal and the consequent delay, the cargo was so damaged as to render it necessary to dispose of it at auction at an enormous loss. The object of the suit is to recover damages for the injuries sustained by the plaintiffs, by reason of the conduct of the defendant. The declaration contained four counts, in all of which it was alleged, that Escardo, one of the plaintiffs, was master of the said vessel and the person having the charge and command of her. In two of the counts, it was stated, that he the said master, &c. delivered to the collector a manifest of all the cargo on board said vessel, and swore to the same (pursuing the requisitions of the ninety-third section of the duty law of [March 2,] 1799,—3 Laws U. S. p. 224,) [Bior. & D. Laws; 1 Stat. 698,] and that notwithstanding, the defendant refused to grant the clearance. In the other two counts, it was stated that the said master, &c. tendered the said manifest to the said collector, and offered to swear to it; but that the collector refused to receive the same or to grant the clearance. The plaintiffs proved that the defendant refused to grant the clearance; and, it appeared, that the ground of the refusal was a suspicion of the collector that the intention of the master was to supply the British fleet in Delaware bay, or off the coast, with provisions. He therefore required to be satisfied upon that point, before the clearance could be granted. The witnesses examined by the plaintiffs, proved that Escardo was part owner of the ship and cargo, and agent for the other part owners, but that he was not the master or person having the command of her.

The defendant moved for a nonsuit on the following grounds:—First, that the declaration does not aver, nor is it proved, that the inspection laws of the state of Pennsylvania had been complied with, and the fees paid, agreeable to the ninety-third section of the duty law. Second, that it is not proved that a manifest was delivered, or tendered, or that Escardo was the master or commander.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

The only ground upon which this motion

can with propriety be made, is, that the plaintiffs have failed, by their own evidence, to make out the case stated in their declaration, so as to entitle them to a verdict. If the declaration does not set forth a proper case, and in correct form, the defendant may avail himself of these defects, by demurrer. But, if a sufficient case be stated, then it is incumbent on the plaintiffs to prove it, and if they fail to do so, they are not entitled to a verdict. Whenever this is perceived, it saves time for the court to direct a nonsuit upon the plaintiffs' own showing. Upon this view of the subject, the defendant cannot make the want of proper averments in the declaration the ground of a nonsuit, and consequently the want of evidence to prove facts not averred. The first reason then which is assigned for this motion, cannot be maintained.

The second ground for the motion is of a different kind. The declaration states, that Escardo, "being the master or the person having the charge and command of the vessel, did deliver to the collector a manifest of the cargo sworn to by him;" or, as it is stated in some of the counts, "tendered a manifest to the collector and offered to swear to it, which was refused." It was essential that this averment should have been made in the declaration, as the collector was not bound to grant the clearance, unless the manifest was delivered according to the provisions of the ninety-third section of the collection law, or at least tendered to the collector. Being averred, the defendant could take no exception to the declaration by demurrer. But if it was necessary to aver it, it is equally so that it should be proved, for without such proof the plaintiffs have no case in court. So far from proving this fact, it appears by the plaintiffs' own showing, that Escardo, the person who is stated in the declaration to have been master or the person having the charge and command of the vessel, and who delivered the manifest, had nothing to do with the navigation or maritime command of the vessel; and it is perfectly clear to the court, that no other person is authorized under the law to swear to the manifest. The words charge or command, were clearly intended to apply to some officer of the vessel below the grade of the master, and not to an agent, consignee, or owner. Independent of this defect in the evidence, the plaintiffs have offered no proof whatever that a manifest was made out, sworn to, and delivered or tendered by any person; and yet this is a necessary part of their case.

It was contended by the plaintiffs' counsel that enough appeared to let the case go to the jury, because, as the defendant refused to grant the clearance upon another ground, the jury might fairly presume that the manifest was dispensed with, or that it was in fact produced. But, this would be to presume in favor of the plaintiffs, against their own averments and proof. For they say that Escardo was master, and swore to the manifest and delivered it, and then they prove that he was not master. If the jury should presume that he was master, this would be against the plaintiffs' own proof; and if they should presume that the manifest was sworn to and delivered by some other person, being master, this would be against the plaintiffs' averment in their declaration. But the truth is, that because the defendant urged one reason for refusing a clearance, it does not follow that all other objections were removed. If the plaintiffs had removed his suspicions as to the object of the intended voyage, still it would have been necessary, that the master should deliver the manifest, before he could demand a clearance.

The plaintiffs agreed to be called.

NOTE, [from original report.] Upon a rule to show cause, the nonsuit was taken off and the plaintiffs permitted to amend their declaration.

[For the subsequent disposition of this case, see Bas v. Steele, Case No. 1,088.]